UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

BRISELIDA R.,

                                    Plaintiff,

    vs.                                                                    5:25-CV-210
                                                                                (MAD/PJE)

COMMISSIONER OF SOCIAL SECURITY,

                                    Defendant.

_____

APPEARANCES:                                          OF COUNSEL:

HILLER COMERFORD INJURY              IDA COMERFORD, ESQ.
& DISABILITY LAW                            JUSTIN M. GOLDSTEIN, ESQ.
6000 North Bailey Avenue - Suite 1a
Amherst, New York 14226
Attorneys for Plaintiff

SOCIAL SECURITY ADMINISTRATION      LUIS PERE, ESQ.
6401 Security Boulevard
Baltimore, Maryland 21235
Attorney for Defendant

Mae A. D'Agostino, U.S. District Judge:

## ORDER

Plaintiff, Briselida R., commenced this action pursuant to 42 U.S.C. § 405(g) seeking review of the decision of the Commissioner of Social Security (the "Commissioner") denying her application for disability insurance benefits. *See* Dkt. No. 1.

In a Report-Recommendation & Order dated February 23, 2026, Magistrate Judge Paul J. Evangelista recommended that (1) Plaintiff's motion for judgment on the pleadings be denied; (2) Defendant's motion for judgment on the pleadings be granted; and (3) the Commissioner's decision be affirmed. *See* Dkt. No. 18.  On March 7, 2026, Plaintiff filed objections.

1

"'As to a dispositive matter, any part of the magistrate judge's recommendation that has been properly objected to must be reviewed by the district judge *de novo*.'" *Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 358 (2d Cir. 2025) (quoting *Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010)). "If a party fails to properly object to the [report-recommendation], the district judge reviews the [report-recommendation] only for clear error." *Id.* at 359 (citing Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment).

"A proper objection must be specific." *Id.* "'A plaintiff is deemed to have [forfeited] an objection to a magistrate judge's report if he does not present his claims to the district court.'" *Id.* (quoting *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017)) (alteration in original). "In order to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *Id.* (citing *Miller v. Brightstar Asia*, Ltd., 43 F.4th 112, 120-21 (2d Cir. 2022)) (additional citation omitted). "'Just as a complaint stating only "I complain" states no claim, an objection stating only "I object" preserves no issue for review.'" *Id.* (quoting *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988)). "'The point of making objections is to tell the district judge – who, under § 636(b)(1) must make the final decision and enter judgment – what issues the parties actually dispute.'" *Id.* (citation omitted). "'Merely referring the court to previously filed papers or arguments does not constitute an adequate objection.'" *Id.* (quoting *Mario v. P & C Food Mkts.*, 313 F.3d 758, 766 (2d Cir. 2002)).

"A proper objection generally may not raise new arguments not previously made before the magistrate judge." *Id.* (citing *Fischer v. Forrest*, 968 F.3d 216, 221 (2d Cir. 2020) (affirming district judge's decision to disallow objections advancing an argument that "had not been raised during summary judgement proceedings before the Magistrate Judge"); *Bus. for a Better N.Y. v.*

2

*Angello*, 341 Fed. Appx. 701, 706 (2d Cir. 2009) (summary order) (noting that the court need not consider arguments "raised for the first time in the objections to the report and recommendation")).  "[D]istrict courts in th[e Second] Circuit have held that when 'the party makes only conclusory or general objections, or simply reiterates his original arguments, the [district court] reviews the Report and Recommendation only for clear error.'"  *Id.* at 361 (citation omitted).  "But . . ., that principle should be applied *only* 'when the objections are nonspecific or merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition.'"  *Id.* (citation omitted).  "Where a litigant's objections take 'issue with a specific legal conclusion in the report and recommendation,' they should be considered *de novo*, even if they repeat an argument raised before the magistrate judge."  *Id.* (citation omitted).

After the appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

Plaintiff argues that Magistrate Judge Evangelista erred by (1) "fail[ing] to address Plaintiff's argument that the ALJ failed to consider the second portion of the supportability factor as required under the regulations"; (2) relying on evidence in Plaintiff's treatment notes that contained "carry-over language and does not reflect the content of the individual treatment notes"; (3) failing to acknowledge that "[t]he ALJ's summation of the evidence generally omits all references to ongoing symptoms and medication changes"; and (4) stating that the non-examining medical consultants reviewed certain treatment records when that "is factually inaccurate."  Dkt. No. 19 at 1-6.[1]

---

[1] Citations are to the pagination generated by CM/ECF in the header of each page.

Although some of the arguments Plaintiff raises before this Court were already argued to Magistrate Judge Evangelista, Plaintiff has "lodge[d] [] specific objection[s] to [] specific aspect[s] of the" Report-Recommendation & Order such that "the district judge must review those arguments *de novo*." *Nambiar*, 158 F.4th at 361.

Plaintiff does not object to Magistrate Judge Evangelista's recitation of the factual and procedural background of the case or the applicable statutory authority, legal standards, and relevant case law. *See* Dkt. Nos. 18, 19. Plaintiff likewise does not object to Magistrate Judge Evangalista's discussion concerning the prior remand of Plaintiff's disability case. The Court has reviewed and finds no clear error in those portions of the Report-Recommendation & Order and assumes the parties' familiarity with the same.

## A.    Supportability of Medical Opinions

Plaintiff contends Magistrate Judge Evangelista did not address her arguments challenging the ALJ's consideration of the supportability of the medical opinions of Dr. Toni Usev, N.P.; Licensed Mental Health Counselor Kate Alberts; and State Agency Psychological Consultants L. Hoffman, Ph. D. and Y. Sherer, Psy. D. *See* Dkt. No. 19 at 1-2, 6-7. As to Consultative Psychiatric Examiner Corey Anne Grassl, Psy. D., Plaintiff acknowledges that Magistrate Judge Evangelista discussed the supportability factor but disagrees with his conclusion. *See id.* at 7.

In her initial brief, Plaintiff argued that "the ALJ erred when failing to consider the supportive examinations within the opinions." Dkt. No. 12 at 23, 26. Plaintiff also asserted the ALJ's conclusion that Drs. Hoffman and Sherer's opinions were "supported is unsupported." *Id.* at 27.

First, Plaintiff is correct that Magistrate Judge Evangelista did not reference Plaintiff's specific argument concerning the narrative explanations provided in Dr. Usev and Ms. Alberts'

4

treating provider medical opinions.  In his Report-Recommendation & Order, Magistrate Judge Evangelista recited the conclusions from the medical opinions and quoted the ALJ's decision related thereto.  He concluded that "the record clearly demonstrates that the ALJ considered the supportability and consistency of NP Usev's and LMHC Alberts's opinions with their own records and the record as a whole as he summarized the treatment providers' records and Plaintiff's activities of daily living in the decision."  Dkt. No. 18 at 16.

The supportability factor concerns "the objective medical evidence *and* supporting explanations presented by a medical source."  20 C.F.R. § 404.1520c(c)(1) (emphasis added).  Magistrate Judge Evangalista concluded that the ALJ appropriately considered the objective medical evidence cited in Dr. Usev and Ms. Alberts' opinions.  *See* Dkt. No. 18 at 16.  Magistrate Judge Evangalista did not conclude that the ALJ sufficiently analyzed the supportability of the opinions based on the ALJ's reference to the medical provider's supporting explanations.  Nevertheless, Magistrate Judge Evangalista quoted the ALJ's acknowledgment that "Ms. Usev and Ms. Alberts supported their opinions with narrative comments and citations to certain mental health signs and symptoms . . . ."  *Id.* at 15 (quoting Dkt. No. 8-8 at 16).  The ALJ is required under 20 C.F.R. § 404.1520c(c)(1) to consider the objective medical evidence and supporting explanations provided by a medical source, and he did just that.

Plaintiff disagrees, arguing that the ALJ failed to (1) "explain how the supportive explanations were insufficient to credit any portion of the opinions as persuasive;" and (2) "discuss the actual content of the opinions anywhere in the decision."  Dkt. No. 19 at 3.  Plaintiff's assertions are (1) false and (2) irrelevant.

The ALJ expressly acknowledged Dr. Usev and Ms. Alberts' support for their own opinions through their narrative commentary and reference to Plaintiff's "mental health signs and

5

symptoms" but determined that those opinions were "inconsistent with the opinions of the State agency medical consultants, inconsistent with the mild and moderate work-related mental limitations assigned by Dr. Grassl, and inconsistent with evidence described below regarding the mental status examination findings from the longitudinal records and the claimant's favorable response to mental health treatment." Dkt. No. 8-8 at 16. Essentially, the ALJ determined that the lack of consistency between Dr. Usev and Ms. Alberts' opinions and the rest of the administrative record was not outweighed by the opinions' internal supportability. Plaintiff has not presented any legal authority which stands for the proposition that an ALJ cannot conclude that consistency outweighs supportability. *See* Dkt. No. 19. Rather, "[w]hile a treating physician's opinion is entitled to deference, an ALJ may credit the opinion of a consultative examiner over that of a treating physician when the consultative examiner's opinion is more consistent with and better supported by the medical record." *Thomas K. v. Comm'r of Soc. Sec.*, 610 F. Supp. 3d 524, 531 (W.D.N.Y. 2022).

Likewise, Plaintiff has not cited a single case which holds that an ALJ must recite "the actual content of the opinions [] in the decision." Dkt. No. 19 at 3. It is well settled that "[a]n ALJ need not recite every piece of evidence that contributed to the decision, so long as the record 'permits [the Court] to glean the rationale of an ALJ's decision.'" *Cichocki v. Astrue*, 729 F.3d 172, 178, n.3 (2d Cir. 2013) (quoting *Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983)); "[W]here an ALJ's analysis 'affords an adequate basis for meaningful judicial review, applies the proper legal standards, and is supported by substantial evidence such that additional analysis would be unnecessary or superfluous, . . . remand is not necessary merely because an explicit function-by-function analysis was not performed.'" *Sandra M. v. Comm'r of Soc. Sec.*, No. 3:22-CV-00485, 2023 WL 4972707, *6 (N.D.N.Y. Aug. 3, 2023) (quoting *Cichocki*, 729 F.3d at 177).

Next, as to non-examining consultative examiners, Drs. Hoffman and Sherer, Plaintiff argues the ALJ's statement that their opinions were "'supported by detailed narrative rationales, which cite supporting objective medical evidence and other evidence from the record,' is inaccurate, and Judge Evangelista fails to explain how the ALJ complied with the supportability factor." Dkt. No. 19 at 7.  In her initial brief, Plaintiff asserted the ALJ's statement was in error because the non-examining consultants "cited to minimal evidence, did not review the complete record, and failed to explain how any of their findings are supported." Dkt. No. 12 at 27.

As explained, the supportability factor concerns a medical source's reliance on "objective medical evidence and supporting explanations." 20 C.F.R. § 404.1520c(c)(1).  The ALJ stated that Drs. Hoffman and Sherer "supported" their opinions "by detailed narrative rationales, which cite supporting objective medical evidence and other evidence from the record." Dkt. No. 8-8 at 15.  That statement is factually accurate and sufficient to meet the requirement set forth in 20 C.F.R. § 404.1520c(c)(1).  In both opinions, the medical sources provided narratives under the "additional explanation" portion of the opinions, *see* Dkt. No. 8-3 at 16, 37, and cited specific treatment records they believed supported their conclusions, *see id.* at 10, 32-33.  The Court, therefore, finds that the ALJ's conclusion is supported by substantial evidence and does not constitute legal error.

Plaintiff also argues that "the ALJ's evaluation of Dr. Grassl's opinion is insufficient under the supportability factor." Dkt. No. 19 at 7.  Magistrate Judge Evangalista concluded otherwise, determining that "the ALJ adequately articulated his analysis of the supportability factor, and the record supports the ALJ's findings." Dkt. No. 18 at 22.  Plaintiff contends the ALJ did not "adequately articulate" why Dr. Grassl's "the examination is consistent with mild and moderate limitations and inconsistent with the marked limitations." Dkt. No. 19 at 7.

7

Dr. Grassl, the examining psychiatric consultant, concluded that Plaintiff was "markedly limited in her ability to regulate emotions, control behavior, and maintain well being, sustain an ordinary routine and regular attendance at work, sustain concentration and perform a task at a consistent pace, and use reason and judgment to make work-related decision." Dkt. No. 8-13 at 567. Dr. Grassl determined that Plaintiff had mild or moderate limitations in all other mental health categories. *See id.* The ALJ concluded that "[t]he mild and moderate work-related mental limitations described by Dr. Grassl are persuasive, as they are supported by her own mental status examination findings and are consistent with the opinions of the State agency psychological consultants, as well as evidence described below . . . ." Dkt. No. 8-8 at 15. He then stated that the marked limitations were "inconsistent with the opinions of the State agency," "the evidence described below regarding the mental status examination findings from the longitudinal records[,] and the claimant's favorable response to mental health treatment." *Id.* at 16.

Plaintiff is correct that the ALJ did not address each specific marked limitation, such as the ability to regulate emotions, and compare that to a specific portion of Dr. Grassl's examination and explain why the two things did not match. The ALJ also did not mention a specific mild limitation, such as the ability to follow simple instructions, and relate that back to a precise examination finding. However, Plaintiff has presented no case law mandating such an analysis from the ALJ. *See* Dkt. No. 12 at 26; Dkt. No. 19 at 7. Plaintiff also presents no legal authority for the proposition that, because the ALJ found the doctor's opinion to be *partially* supported by its own examination, then the ALJ must explain precisely why the examination did not support *other* portions of the opinion. Although such a thorough analysis would undoubtedly be beneficial, without any legal authority requiring such efforts, the Court cannot find remandable error. Rather, precisely as Magistrate Judge Evangelista concluded, the ALJ discussed the

8

consistency and supportability of Dr. Grassl's opinion, referenced Dr. Grassl's own examination as well as the opinions and evidence of other medical sources. That is sufficient to meet the requirements of 20 C.F.R. § 404.1520c.

The ALJ's conclusions are also supported by substantial evidence. Although Dr. Grassl opined that Plaintiff had marked limitations in certain areas of functioning, and Plaintiff appeared on examination to be disheveled, anxious, and unfocused, there are other medical opinions in the record indicating that Plaintiff does not have marked mental health limitations as well as treatment notes reflecting normal examinations and controlled symptoms with medication. *See, e.g.*, Dkt. No. 8-13 at 37-40, 44-46, 51-52, 69-71, 97-99.

Importantly, Magistrate Judge Evangelista took the extra step that the ALJ did not. Magistrate Judge Evangelista noted each of Dr. Grassl's opined significant limitations and compared them to treatment records. *See* Dkt. No. 18 at 22-23. Magistrate Judge Evangelista's analysis sets forth the precise substantial evidence supporting the ALJ's decision. Also, as Magistrate Judge Evangelista noted, it is not this Court's function to reweigh the ALJ's consideration of those records. *See id.* at 23; *see also Warren v. Comm'r of Soc. Sec.*, No. 3:15-CV-1185, 2016 WL 7223338, *9 (N.D.N.Y. Nov. 18, 2016), *R. & R. adopted*, 2016 WL 7238947 (N.D.N.Y. Dec. 13, 2016) ("When applying the substantial evidence test to a finding that a plaintiff was not disabled, the Court "will not reweigh the evidence presented at the administrative hearing, . . . nor will it determine whether [the applicant] actually was disabled. [Rather,] [a]bsent an error of law by the Secretary, [a] court must affirm her decision if there is substantial evidence [in the record] to support it") (citations omitted). Therefore, the Court rejects Plaintiff's arguments regarding the ALJ's analysis of the supportability factor related to the various medical opinions.

9

**B.**       **Treatment Notes, Medication Changes, and Ongoing Symptoms**

Plaintiff argues that Magistrate Judge Evangelista failed to "acknowledge the evidence cited by the ALJ as inconsistent with the opinions of greater limitations is carry-over language and does not reflect the content of the individual treatment notes." Dkt. No. 19 at 3. Plaintiff made this argument concerning the "carry-over language" in her opening brief. Dkt. No. 12 at 21.

In the ALJ's decision, he noted that "[m]ore recent mental health treatment records consistently state that, on examination," were within normal limits and "[a]ll or nearly all of the preceding examination findings and statements about the claimant's favorable response to mental health treatment appear in each and every one of the mental health treatment records" between September 2022 and April 2024. Dkt. No. 8-8 at 16. Plaintiff contends the ALJ relied only on the "'reason for visit' [section] in the treatment notes to find Plaintiff's symptoms were 'well controlled'" as opposed to the "subjective presentation and evaluation" section. Dkt. No. 19 at 4. Plaintiff contends the former is copied and pasted from past notes, whereas the latter is updated from each visit. *See id.*; *see also* Dkt. No. 12 at 21-22.

Plaintiff's argument is unfounded. The Court agrees that it would be inappropriate for an ALJ to rely on a single notation in treatment records that a plaintiff was doing well or improving if that notation was simply copied and pasted from past records and the ALJ ignored updated statements demonstrating worsening symptoms. That is not, however, what the ALJ did.

It is true that, throughout Plaintiff's treatment record, there is a redundant phrase within the "reason for visit" section of progress notes which states that Plaintiff "is a 46-year-old Hispanic female with past psychiatric history significant for depression, anxiety, mood instability, suicidal ideation, was presented with well controlled symptoms with established medication regiment." Dkt. No. 8-13 at 36, 42, 48, 54, 60, 66, 73, 80, 87, 94. However, the dozens of pages

of records the ALJ cited to support his contention that Plaintiff's "psychiatric symptoms are 'well controlled' with medication," and she had a "favorable response to mental health treatment" include the "reason for visit," "review of symptoms," "history," "mental status evaluation," "medication information," and "plan" sections of treatment notes. *See* Dkt. No. 8-8 at 16 (citing *e.g.*, Dkt. No. 8-13 at 59-65, 524-29, 552-56). Plaintiff is correct that her medications were changed over the course of her treatment, but she is incorrect that "the ALJ's summation of the treatment notes was incomplete and inaccurate" because the ALJ explicitly cited numerous pages of treatment records which demonstrate medication changes. Dkt. No. 19 at 5. The records cited by the ALJ reflect that, despite the changes in her medication, Plaintiff was "[n]ot anxious," she had normal insight and judgment, her thought process was "logical", and she had "well-controlled symptoms with established medication regiment." Dkt. No. 8-13 at 37-40, 44-46, 51-52, 69-71, 97-99.

The Court finds the ALJ's discussion of Plaintiff's medication and its impact on her mental health symptoms to be supported by substantial evidence. *See Mary M. v. Comm'r of Soc. Sec.*, No. 1:22-CV-00939, 2024 WL 1045211, *9 (W.D.N.Y. Mar. 11, 2024) (affirming an ALJ's decision where "it is not as if the ALJ found that Plaintiff was free from mental health symptoms after September 2020. Rather, the ALJ found that Plaintiff still had moderate mental health symptoms, but that they continued to be well-managed by medication and counseling, and nothing cited by Plaintiff on this point shows that the ALJ improperly ignored evidence that her limitations were more than moderate"); *Imani L. v. Comm'r of Soc. Sec.*, No. 1:20-CV-00774 2022 WL 17546509, *4 (W.D.N.Y. Dec. 9, 2022) ("[T]he change or increase of medication does not necessarily deem a medical opinion stale particularly where, as here, the opinion is consistent with the record").

11

Plaintiff likewise contends Magistrate Judge Evangelista erred in addressing her arguments concerning the consistency factor because "[t]he ALJ's summation of the evidence generally omits all references to ongoing symptoms and medication changes. . . .  The ALJ failed to resolve any conflict in the evidence when failing to address the supportive findings in the treatment notes." Dkt. No. 19 at 5.  Plaintiff argues that Magistrate "Judge Evangelista fails to address the actual content of the treatment notes or reconcile the evidence with the ALJ's findings." *Id.*

Plaintiff is, again, asking Magistrate Judge Evangelista and this Court to reweigh the evidence that was before the ALJ.  The ALJ acknowledged that "[m]ental health treatment records from 2020 and 2021 repeatedly state that, during mental status examinations, the claimant had an anxious mood and a depressed affect." Dkt. No. 8-8 at 16.  The ALJ also noted that Plaintiff reported she had "deficits in attention and concentration, which make it difficult for her to finish tasks," "that she lacks motivation and has deficits in attention and concentration," "[s]he stated that she has chronic pain and a history of several mental breakdowns," and "she worries a lot, is depressed, becomes overwhelmed, and is afraid of having more mental breakdowns." *Id.* at 9-11. The ALJ referenced Plaintiff's consistent "mild" anxiety and depression. *Id.* at 13.  He also referenced Plaintiffs "residual depression and anxiety due to situational and financial problems." *Id.* at 14.  The ALJ mentioned Dr. Grassl's marked limitation findings, as well as Dr. Usev and Ms. Alberts' more limiting opinions. *See id.* at 15-16.

The fact that the ALJ rejected the severity of Plaintiff's subjective statements and some of the medical opinions does not give this Court grounds for remand because "[t]he substantial evidence standard is highly deferential." *Peets v. Kijakazi*, No. 21-3150, 2022 WL 17725391, *1 (2d Cir. Dec. 16, 2022).  "[O]nce an ALJ finds facts, we can reject those facts only if a reasonable

factfinder would *have to conclude otherwise*."  Spottswood v. Kijakazi, No. 23-54-CV, 2024 WL 89635, at *2 (2d Cir. Jan. 9, 2024) (citation and quotation marks omitted).  The Court is "not to reweigh evidence and must uphold a determination when evidence is susceptible to more than one rational interpretation." *Id.* (citation and quotation marks omitted).

The ALJ acknowledged the spectrum of Plaintiff's symptoms and limitations presented in the entire record, including those in all of the medical opinions, and explained his determination that the record supported a determination of Plaintiff being subject to the lesser limitations.  It is not the Court's job to second guess that determination.

## C.      Records Relied Upon by Non-Examining Consultants

Plaintiff argues that Magistrate Judge Evangalista incorrectly stated that "the transcript shows the records received included documents from 2020 to 2023," Dkt. No. 18 at 19, because non-examining consultants Drs. Hoffman and Sherer completed their opinions in January and November 2021.  Dkt. No. 19 at 6.  Plaintiff is partially correct.

In Magistrate Judge Evangelista's Report-Recommendation & Order, he stated that Dr. Hoffman's opinion was from November 2022. *See* Dkt. No. 18 at 18.  The administrative transcript page cited by Magistrate Judge Evangelista demonstrates the inaccuracy of his statement because the record indicates, " L. Hoffman, PhD (38) 11/05/2020."  Dkt. No. 8-3 at 16.  This mistake, however, does not change the accuracy of Magistrate Judge Evangelista's conclusion.

Magistrate Judge Evangelista correctly stated that Dr. Sherer affirmed Dr. Hoffman's findings in 2021, Dr. Sherer came to similar findings in June 2023, and a third consultant affirmed those findings in November 2023. *See* Dkt. No. 18 at 18-19 (citing Dkt. No. 8-3 at 37; Dkt. No. 8-9 at 100, 121).

Plaintiff argues that the ALJ erred in finding the opinions of the non-examining consultants to be persuasive. *See* Dkt. No. 12 at 26-27. Magistrate Judge Evangelista rejected that argument, in part, because those doctors reviewed "documents from 2020 to 2023." Dkt. No. 18 at 19. Although Plaintiff is correct that Dr. Hoffman did not review documents after 2020, the other consultants did. Magistrate Judge Evangelista's statement, which relates to all of the non-examining psychological consultants, was therefore correct.

"It is well settled that an ALJ is entitled to rely upon the opinions of both examining and non-examining State agency medical consultants, since such consultants are deemed to be qualified experts in the field of social security disability." *Schlichting v. Astrue*, 11 F. Supp. 3d 190, 204 (N.D.N.Y. 2012). "'Nonetheless, the ALJ may not credit a non-examining physician's opinion over that of a treating physician's where the non-examining physician's opinion considered less than the full record and the subsequent medical evidence may have altered the opinion.'" *Robinson v. Saul*, No. 3:18-CV-01605, 2020 WL 652515, *9 (D. Conn. Feb. 11, 2020) (quoting *West v. Berryhill*, No. 3:17-CV-1997, 2019 WL 211138, *5 (D. Conn. Jan. 16, 2019)).

The ALJ did not rely solely on Drs. Hoffman or Sherer's 2020 opinions. Rather, the ALJ based his decision on all of the opinions from the non-examining state agency consultants which included a review of Plaintiff's treatment records from 2020 through 2023. *See* Dkt. No. 8-8 at 15; Dkt. No. 8-9 at 114-34. Plaintiff's argument that the consultant's "cited to minimal evidence, did not review the complete record, and failed to explain how any of their findings are supported" is inaccurate. Dkt. No. 12 at 27.

Rather, the ALJ's consideration of those opinions is supported by substantial evidence and free from legal error because each opinion contained a supportive narrative and citations to objective evidence and was consistent with the objective evidence from other medical sources.

14

*See* Dkt. No. 8-8 at 15; *see also Christopher V. v. Comm'r of Soc. Sec.*, No. 5:24-CV-01418, 2026 WL 678529, *8 (N.D.N.Y. Jan. 27, 2026), *R&R adopted*, No. 5:24-CV-1418, Dkt. No. 16 (N.D.N.Y. Feb. 25, 2026).  As such, the ALJ did not err in relying on those opinions to form Plaintiff's residual function capacity.[2]

Accordingly, after carefully reviewing the Report-Recommendation & Order, the entire record in this matter, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Evangelista's Report-Recommendation & Order (Dkt. No. 18) is **ADOPTED** in its entirety for the reasons set forth herein; and the Court further

**ORDERS** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 12) is **DENIED**; and the Court further

**ORDERS** that Defendant's motion for judgment on the pleadings (Dkt. No. 16) is **GRANTED**; and the Court further

**ORDERS** that the Commissioner's decision is **AFFIRMED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and dismiss Plaintiff's complaint; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED**.

Dated:  March 24, 2026
         Albany, New York

Mae A. D'Agostino
U.S. District Judge

---

[2] Plaintiff argues in her objections that, because the ALJ erred in making the residual functional capacity determination, then the step-five determination is also in error.  *See* Dkt. No. 19 at 8.  As the Court has found the ALJ's step-four decision to be supported by substantial evidence, it need not address this additional argument.